(116 So. 331)

**ELLISON et al. v. SUDDUTH REALTY CO. (6 Div. 203.)**

Court of Appeals of Alabama. Nov. 22, 1927.

Rehearing Denied Jan. 10, 1928.

Black & Fort and Wilkinson & Burton, all of Birmingham, for appellee.

RICE, J. This was a suit by appellee against appellants, in which it recovered judgment in the court below for an amount claimed by it as its commission for the sale of certain real estate. The statement made by the reporter sufficiently shows the relation of the parties. We see no need for any extended discussion by us. Most of the facts are undisputed.

■ It appears that appellee, a real estate broker, had listed with it, for sale, the real estate in question. It appears further that it found and produced a purchaser ready, willing, and able to buy the property at the price and upon the terms which it submitted to him. If it had a binding agreement with appellants, the owners of the property, authorizing it to sell the property at this price and upon these terms, then it was entitled to recover its commission, even though the sale, by fault of the seller, was never consummated. Handley v. Shaffer, 177 Ala. 636, 59 So. 286.

■ The big dispute in the case, and the one upon which it turned, was as to whether or not appellee had such an agreement with appellants. Without, as we said, any extended discussion, we state our conclusion that this disputed question of fact was by the trial court submitted to the jury under fair and correct legal instructions. The contract, it is true, was never signed by appellants, but it was not such a contract as was required to be in writing, and we do not find in the evidence anything from which it can be said, as a matter of law, that it was never intended to be binding unless reduced to writing. It follows that the holding in Bissinger v. Prince & Blackman, 117 Ala. 480, 23 So. 67, is without application here.

■ As we read the record, the testimony of the witness, Anderson, as to both appellants agreeing to the terms of sale, etc., and instructing appellee to proceed with its efforts to

Beddow & Ray, of Birmingham, for appellants.

sell the property, made the question of whether or not appellee had a binding agreement with appellants one for the jury's decision. There was then, of course, no error in refusing to give at appellants' request the general affirmative charge in their favor.

As stated, the above disposes of the main question raised in the court below and argued here.

The other questions are of but slight importance and do not seem to merit specific mention by us. In none of the rulings underlying same do we find prejudicial error. The judgment is affirmed.

Affirmed.